UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DANIEL VAUGHN,
an individual,   Case Number:
                 Honorable:

      Plaintiff,

vs.

KENT COUNTY MICHIGAN,
a municipal corporation,
and
MICHELLE LAJOYE-YOUNG, Sheriff of Kent County
in her official capacity,
and
DEPUTY MITCHELL BEHRENS,
DEPUTY JULIE COOPER,
DEPUTY GABRIEL PRICE,
DEPUTY ALEXANDER BERNHARDT,
and other unnamed Kent County Deputies
in their individual and official capacities,
jointly and severally,

      Defendants.
_____/
Brian E. Muawad (P41209)
BRIAN E. MUAWAD, P.C.
Attorneys for Plaintiff
22330 Greater Mack Ave
St. Clair Shores, MI 48080
(586) 778-8570
muawadpcscs@sbcglobal.net
_____/

# **COMPLAINT**

Plaintiff, Daniel Vaughn, by and through his attorneys, the Law Offices of: Brian E. Muawad, P.C., complains against Defendants as follows:

1. This is an action brought by Daniel Vaughn, an African American citizen to vindicate profound deprivations of his constitutional rights caused by race based police

1

brutality and/or gross negligence by Kent County Sheriff Deputies and its administration.

## I. FACTS

2. On or about March 13, 2024, Plaintiff was arrested for Possession of Controlled Substances less than 25 grams.

3. Plaintiff was transported to the Kent County jail and was incarcerated there.

4. While incarcerated at the Kent County Jail, on or about July 11, 2024, he was told by Deputy Mitchell Behrens that he was being moved to Block D-2 D-3. Upon arrival to his new cell, by Deputy Mitchell, Plaintiff was then ordered by Deputy Mitchell to climb into the top bunk, as there was already an inmate in the bottom bunk of the jail cell. Plaintiff immediately told Deputy Mitchell that he was unable to get up into the top bunk due to the severe arthritis in his knees. Nevertheless, Deputy Mitchell still ordered Plaintiff to the top bunk. Upon climbing to get into the top bunk, Plaintiff fell from the top bunk onto the cement floor.

5. The foregoing incident resulted in Plaintiff hitting his head on the concrete floor, for which he lost consciousness; and injuring his left elbow and left hip. Plaintiff repeatedly requested immediate medical attention due to his injuries. None was provided until Plaintiff's bunk mate summoned a different Deputy who then summoned medical personnel.

6. During the time he was incarcerated, Plaintiff informed jail staff that he suffered from chronic arthritis and was unable to climb up to a top bunk. Deputies ignored Plaintiff's known medical condition and ordered him to a top bunk anyway.

7. In concert or conspiracy, Defendants maliciously and negligently ignored

2

Plaintiff's known medical condition, to wit: his arthritis. The Defendants then failed to give Plaintiff immediate medical treatment he desperately needed and requested.

## II. JURISDICTION, VENUE, AND NOTICE

8. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought under 42 U.S.C. §§1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343, 2201.

9. This case is instituted in the United States District Court for the Eastern District of Michigan under 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions started to occurred.

## III. PARTIES

10. At all times material to these proceedings, and at the above date, Plaintiff was a resident of the City of Wyoming, County of Kent, State of Michigan; and was a citizen of the United States of America.

11. At all times material to these proceedings, Deputy Mitchell Behrens was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his capacity as a law enforcement officer employed by the Kent County Sheriff's Department. Defendant Behrens is sued individually.

12. At all times material to these proceedings, Defendant Deputy Gabriel Price was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his capacity as a law enforcement officer employed by the Kent County Sheriff's Department. Defendant Price is sued individually.

13. At all times material to these proceedings, Defendant Deputy Alexander

Bernhardt was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his capacity as a law enforcement officer employed by the Kent County Sheriff's Department.  Defendant Alexander Bernhardt is sued individually.

14. At all times material to these proceedings, Defendant Deputy Julie Cooper was a citizen of the United States and a resident of the State of Michigan and was acting under color of state law in his capacity as a law enforcement officer employed by the Clinton County Sheriff's Department.  Defendant Julie Cooper is sued individually.

15. Defendant Kent County Michigan, hereinafter "Kent County" is a Michigan municipal corporation and is the legal entity responsible for itself and for the Kent County Sheriff's Department.   This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

16. At all times material to these proceedings, Defendant Michelle Lajoye-Young was a citizen of the United States and a resident of the State of Michigan. Defendant Michelle Lajoye-Young is sued in her official capacity as the Sheriff of Kent County Michigan, employed by Defendant Kent County, and was acting under color of state law.

17. As Sheriff of Kent County, Defendant Lajoye-Young both exercised and delegated her municipal final decision making power to her deputies and others.  On information and belief, she also trained and supervised individual Defendants Behrens, Cooper, Price, and Bernhardt.

18. Defendant Kent County and Lajoye-Young are properly sued directly under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Lajoye-

4

Yount in her official capacity as the Sheriff of Kent County, and for those of any final delegated decision makers, with respect to various policies, decisions, widespread habits, customs, usages, and practices.

## IV CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in violation of the 4th and 14th Amendments**
(Against Defendants Behrens, Cooper, Price, and Bernhardt)

19. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

20. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

21. Plaintiff in this action is a citizen of the United States and all of the individual Deputy Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

22. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Deputies of the Kent County Sherriff's Department, and their acts or omissions were conducted within the scope of their official duties or employment.

23. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

24. Any reasonable deputy knew or should have known of these rights at the

5

time of the complained of conduct as they were clearly established at that time.

25. Defendants Behrens, Cooper, Price, and Bernhardt actions amounts to the use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

26. Defendants Behrens, Cooper, Price, and Bernhardt actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by these Defendant deputies shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

27. Defendants Behrens, Cooper, Price, and Bernhardt forced Plaintiff to climb to a top bunk by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

28. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

29. None of the Defendant deputies took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant deputies or from excessive force of any other responding deputies despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other deputy.

30. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

31. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

32. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

33. These individual Defendants acted in concert and joint action with each other.

34. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused her other damages.

35. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

36. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions to Plaintiff.

37. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.  As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

38. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of Defendants'

actions of ordering Plaintiff to a top bunk and resulting injuries at the hands of Defendants, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs under 42 U.S.C. § 1983 in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the 14th Amendment and 42 U.S.C. § 1981**
(Against Defendants Behrens, Cooper, Price, and Bernhardt)

39. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

40. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

41. Plaintiff in this action is a citizen of the United States and all of the individual Deputy Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

42. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Deputies of the Kent County Sheriff's Department, and their acts or omissions were conducted within the scope of their official duties or employment.

43. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement

8

by Defendant deputies and to enjoy the equal protection of the laws.

44. Title 42 U.S.C. § 1981 ("Section 1981") provides in pertinent part:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

45. Plaintiff, as an African American is a member of protected class, and thus also had the clearly established statutory right under this provision 42 U.S.C. § 1981 to be free from racially motivated orders and resulting injuries at the hands of Defendants.

46. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

47. Plaintiff's race was a motivating factor in the decisions to order Plaintiff to the top bunk despite the limitations of his then known medical condition, to wit: arthritis. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

48. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected rights.

49. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

50. These individual Defendants acted in concert and joint action with each other.

9

51. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

52. Defendants are not entitled to qualified immunity for the complained of conduct.

53. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

54. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

55. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her "take down" injuries, in amounts to ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

56. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard

of the constitutional and statutory rights of Plaintiff.

### THIRD CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
(Against Kent County Michigan, and Defendant Michelle Lajoye-Young)

57. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

58. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

59. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

60. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

61. Plaintiff had the following clearly established rights at the time of the complained of conduct:

    a. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

    b. the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1981; and,

    c. the right to be free of cruel and unusual punishment, guaranteed by the Eight Amendment.

62. Defendants Kent County and Lajoye-Young knew or should have known

of these rights at the time of the complained of conduct as they were clearly established at that time.

63. The acts of omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused her other damages.

64. Defendants are not entitled to qualified immunity for the complained of conduct.

65. Defendants Kent County and Lajoye-Young were at all times relevant, policymakers, and in that capacity established policies, procedures, customs, and/or practices for the same.

66. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of those in its custody, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

67. These Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its deputies in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff.

68. In light of the duties and responsibilities of those deputies participated in Plaintiff falling from a top bunk despite his then known medical condition of arthritis and the injuries that resulted therefrom, the need for specialized training and supervision is so

obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

69. The deliberately indifferent training and supervision provided by these Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Kent County and Sheriff Michelle Lajoye-Young and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

70. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses in amounts to be established at trial.

71. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his beating injuries, in amounts to ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

**FORTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Deliberately denying medical care in violation of the Eighth, Fourteenth, and in violation of 42 U.S.C. § 1981**
(Against All Defendants)

72. Plaintiff hereby incorporates all other paragraphs of this Complaint as if

13

fully set forth herein.

73.  42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

74.  Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

75.  The Defendants to this claim at all times relevant hereto were acting under the color of state law.

76.  At the time Plaintiff fell, he repeatedly requested medical treatment, inasmuch as he had just been ordered to the top bunk of a cell when the Deputies knew or should have known that it would be impossible for Plaintiff to climb up to the top bunk given his known medical condition of arthritis. Plaintiff fell as a result, however, Defendants denied immediate medical treatment to Plaintiff, even after he was severely injured.

77.  Defendants' failure to immediately treat Plaintiff was a violation of Plaintiff's Eighth Amendment rights because Defendants denied and delayed treatment with deliberate indifference to Plaintiff's serious immediate medical needs.

78.  Defendants knew or should have known that denying and/or delaying medical treatment was an excessive risk to Plaintiff's health. Defendants consciously disregarded this risk in violation of Plaintiff's Eighth Amendment rights. Defendants' failure to provide medical treatment was not based on legitimate differences in medical

opinion but on deliberate indifference and conscious disregard for Plaintiff's serious immediate medical needs.

79. Defendants' policy and practice to fail and refuse to treat Plaintiff was and is in deliberate indifference to Plaintiff's constitutional rights and violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

80. At all relevant times, Defendants, in failing to medically treat Plaintiff have acted under color of State Law to deprive Plaintiff of his constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eight Amendment to the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### GROSS NEGLIGENCE
### (Against All Defendants)

81. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

82. That Defendants actions as described herein were grossly negligent.

83. At all times relevant herein, Defendants had the following ministerial duties, notwithstanding their standard duty of care:

   a) To use due care and ascertain to a probable degree of certainty whether or not Plaintiff could climb up to the top bunk despite his known medical condition of severe arthritis;

   b) To avoid the use of excessive and/or undue force in ordering Plaintiff to the top bunk despite knowing that Plaintiff suffered from severe arthritis;

   c) To avoid the use of abusive verbal assaults and/or insults toward Plaintiff;

   d) To obey all statutes, rules, regulations and applicable laws; and

   e) To give Plaintiff immediate medical attention after he fell from the top bunk.

15

84. At all times relevant, Defendants acted with a substantial disregard for whether injury would occur or otherwise in a grossly negligent manner in ordering or making an inmate with a known medical condition, to wit: arthritis; to make him climb into a top bunk bed causing him to fall onto a concrete floor, and was the proximate cause of injury to Plaintiff.

85. Defendant officers breached the aforementioned duties and were grossly negligent, as defined by statute, to-wit: MCLA 691.1407, when they conducted themselves in a manner so reckless as to demonstrate a substantial lack of concern for Plaintiff's health and/or medical condition and his limitations thereto.

86. The Defendants are not governmentally immune as to their negligent actions under MCL 691.1407(2)(c) because their conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted or not; amounting to gross negligence in ordering an inmate with a known medical condition, to wit: arthritis; to make him climb into a top bunk bed causing him to fall onto a concrete floor causing him injury.

87. Defendant Kent County is vicariously liable for the negligence of its employees or Deputies and are thereby responsible for the damages suffered by Plaintiff pursuant to the Government Liability for Gross Negligence exception to the Governmental Immunity Tort Act found at *MCL 691.1407(2)(c)*.

89. As a direct and proximate result of the Defendants aforementioned wrongful conduct, Plaintiff experienced a loss of enjoyment of life, humiliation, out-of-pocket costs, and degradation.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, in whatever

amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## V. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in amount to be determined at trial; of at least $75,000 or more.

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against individual Defendants and in amount to be determined at trial;

E. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. Pre- and post-judgment interest at the lawful rate; and,

G. Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Respectfully Submitted,
LAW OFFICES OF:
BRIAN E. MUAWAD, P.C.


By: */s/Brian E. Muawad*
Brian E. Muawad (P41209)
Attorney for Plaintiff
22330 Greater Mack Avenue
St. Clair Shores, Michigan 48080
(586) 778-8570

Dated: July 8, 2025